HOUSTON, Justice
(concurring specially).
Certainly, under Ex parte LaFlore, 445 So.2d 932 (Ala.1983), one who is criminally accused is entitled to a jury trial on the issue of his mental capacity to stand trial; and I do not hesitate to vote with the majority to reaffirm LaFlore.
I concur specially to emphasize what the majority of this Court is not doing: by reversing and remanding, the opinion does not allow one charged with capital murder to go before a jury to determine his mental competence to stand trial, without permitting the State to have him examined by professionals who can give an opinion as to his present competency.
I am not persuaded that the Alabama Constitution of 1901 affords the accused a jury trial on the issue of his present competence and at the same time precludes the State from preparing its case to meet this issue. The people of Alabama ordained and established the Constitution “in order to establish justice” {Preamble). If we allow one criminally accused to demand a jury trial on the issue of his sanity to stand *935 trial, without affording the State an opportunity to have the accused examined so that the State can introduce evidence to refute or substantiate the allegation of the accused’s present defective mental condition, then we are promulgating a system that would not “establish justice” but would make a shambles of justice.
The ultimate issue, it seems to me, is whether it would violate the criminally accused’s constitutional rights to permit the same professionals, at the time they examine the accused for purposes of determining his present mental condition, to be permitted to examine him to determine his mental condition at the time of the alleged commission of the offense or offenses for which he has been indicted, when the accused has not pleaded not guilty by reason of insanity or mental disease or defect. I understand and appreciate the economics of doing this. However, I fear that this could violate the accused’s constitutional rights, and I would not permit this unless the accused has pleaded not guilty by reason of insanity or mental disease or defect. The establishment and maintenance of justice are not cheap.
JONES, J., concurs.